**UNITED STATES DISTRICT COURT**
**Northern District of California**
**280 South First Street**
**San Jose, California 95113**

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
408.535.5363

March 13, 2007

**FILED**

**Office of the Clerk-US District Court**
**for the District of Columbia**
**333 Constitution Avenue, N.W.**
**Room 1225**
**Washington, D. C. 20001**

MAR 1 6 2007

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

Case Number: <u>**CR-06-00246-05-RMW**</u>  (Your Case#07-PT-350-TFH)

Case Title:  United States -v-**Ray Morada**

Dear Clerk:

Pursuant to an order transferring the jurisdiction of probation in the above-captioned case, transmitted herewith are certified copies of:

1. Indictment/Information

2. Transferral Order

3. Judgment/Amended Judgment

4. Docket Sheets

Please acknowledge receipt of the above document on the copy of this form.

Very truly yours,

RICHARD W. WIEKING, Clerk

by: *Cita F. Escolano*
Case Systems Administrator

(enclosures)

o:\mrg\crim\probtran.mrg

**FILED**

| PROB 22 (Rev. 2/88) | MAR 12 2007 | DOCKET NUMBER (Tran. Court) |
|---|---|---|
| | | CR 06-00246-05 RMW |
| TRANSFER OF JURISDICTION | NORTHERN U.S. DISTRICT COURT<br>SAN JOSE CALIFORNIA | DOCKET NUMBER (Rec. Court) |
| | | 07 - PT - 350 - TFH |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Ray Morada | ND/CA | San Jose |

| | NAME OF SENTENCING JUDGE |
|---|---|
| | Ronlad M. Whyte |

**MAR 08 2007**
NANCY MAYER-WHITTINGTON
CLERK

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 9/25/06 | 9/24/09 |

**OFFENSE**

18 USC 371 - Conspiracy to Commit Copyright Infringement by Electronic Means, a Class D Felony
17 USC 506(a)(1)(B) - Copyright Infringement by Electronic Means and Aiding & Abetting, a Class E Felony

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

    IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____ District of Columbia _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| 2/12/07 | Ronald m whyt |
|---|---|
| Date | United Sates District Judge |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE    District of Columbia

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

... and correct ... in my ... ATTESTED:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By: ___
Date: MAR 13 2007

| 6 March 2007 | Thomas F. Hogan |
|---|---|
| Effective Date | United States District Judge |

E-Filing

Â

# U.S. District Court
## California Northern District (San Jose)
## CRIMINAL DOCKET FOR CASE #: 5:06-cr-00246-RMW-5

Case title: USA v. Soares et al          Date Filed: 04/06/2006

Assigned to: Hon. Ronald M.
Whyte
Referred to: Magistrate
Judge Richard Seeborg

**Defendant**

**Ray Morada** (5)                representedÂ by    **Peter Alan Leeming**
*TERMINATED: 09/25/2006*                            108 Locust Suite 7
*also known as*                                     Santa Cruz, CA 95062
rc51 (5)                                            831-425-8000
*TERMINATED: 09/25/2006*                            Fax: 831-425-8005
                                                    Email:
                                                    paleeming@sbcglobal.net
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE*
                                                    *NOTICED*
                                                    *Designation: CJA*
                                                    *Appointment*

**Pending Counts**                                  **Disposition**

18:371 Conspiracy to
Commit Criminal Copyright
Infringement by Electronic
Means, Infringement by
Distributing a Commercial          3 years probation; 3 years
Distribution Work, Traffic         probation as to counts 1 and
Devices to Circumvent a            4 to run concurrently with

Technological Measure that Protect a Copyright Work, Circumvent a Technological Measure that Protect a Copyright Work and Use Audiovisual Recording Devices to Make Unauthorized Copies of Audiovisual Work
(1)

each other. The defendant shall participate in Home Confinement Program with Electronic Monitoring for a period of 6 months; $21,483.86 in restitution; $200.00 special assessment

17:506(a)(1)(B); 18:2319(c)(1) and 2 Criminal Copyright Infringement by Electronic Means; and Aiding and Abetting
(4)

3 years probation; 3 years probation as to counts 1 and 4 to run concurrently with each other. The defendant shall participate in Home Confinement Program with Electronic Monitoring for a period of 6 months; $21,483.86 in restitution; $200.00 special assessment

## **Highest Offense Level (Opening)**

Felony

## **Terminated Counts**

None

## **Disposition**

## **Highest Offense Level (Terminated)**

None

## **Complaints**

None

## **Disposition**

**Plaintiff**

**USA**                        representedÂ by  **Mark L. Krotoski**
US Attorney's Office
150 Almaden Blvd., Suite
900
San Jose, CA 95113
408-535-5061
Fax: 408-535-5066
Email:
Mark.Krotoski@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

**Stephanie M. Hinds**
Assistant United States
Attorney
450 Golden Gate Avenue
Box 36055
San Francisco, CA 94102
415 436-6816
Email:
stephanie.hinds@usdoj.gov
*ATTORNEY TO BE*
*NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/06/2006 | 1 | INDICTMENT as to Allen Soares (1) count(s) 1, 2, Shon Peterman (2) count(s) 1, Josh Mcaleer (3) count(s) 1, Tom Leung (4) count(s) 1, 3, Ray Morada (5) count(s) 1, 4. (cfe, Court Staff) (Filed on 4/6/2006) (Entered: 04/10/2006) |
| 04/06/2006 | Â | CASE DESIGNATED for Electronic Filing. (Entered: 04/10/2006) |

| | | |
|---|---|---|
| 04/10/2006 | Â | Summons Issued as to Ray Morada Initial Appearance set for 5/11/2006 02:00 PM before Hon Richard Seeborg. (cfe, Court Staff) (Filed on 4/10/2006) (Entered: 04/10/2006) |
| 04/20/2006 | 2 | ORDER RE APPOINTMENT OF COUNSEL Signed by Judge Patricia V. Trumbull on April 20, 2006. (pvtlc2, ) (Filed on 4/20/2006) (Entered: 04/20/2006) |
| 04/26/2006 | 4 | CJA 20 as to Ray Morada: Appointment of Attorney Peter Alan Leeming for Ray Morada. . Signed by Judge Patricia V. Trumbull on 4/24/2006. (gm, COURT STAFF) (Filed on 4/26/2006) (Entered: 04/26/2006) |
| 05/11/2006 | 13 | ORDER Setting Conditions of Release as to Ray Morada (5) $100,000 Unsecured Bond . Signed by Judge Jeremy Fogel on 5/11/2006. (gm, COURT STAFF) (Filed on 5/11/2006) (Entered: 05/12/2006) |
| 05/11/2006 | 14 | Minute Entry for proceedings held before Judge Richard Seeborg :Arraignment as to Ray Morada (5) Count 1,4 held on 5/11/2006, Bond Hearing as to Ray Morada held on 5/11/2006, Initial Appearance as to Ray Morada held on 5/11/2006, Added attorney Peter Alan Leeming for Ray Morada. Status Conference set for 5/22/2006 09:00 AM in Courtroom 6, 4th Floor, San Jose. (Court Reporter FTR: 2:10-2:25, 2:34-2:35.) (gm, COURT STAFF) (Filed on 5/11/2006) (Entered: 05/12/2006) |
| 05/19/2006 | 21 | STIPULATION *regarding excludable time and proposed order* by USA as to Ray Morada (Krotoski, Mark) (Filed on 5/19/2006) (Entered: 05/19/2006) |
| 05/25/2006 | 29 | STIPULATION AND ORDER TO CONTINUE STATUS HEARING AND EXCLUDING TIME as to Ray Morada. Status Conference set for 6/19/2006 09:00 AM in Courtroom 6, 4th Floor, San Jose. Signed by Judge Ronald M. Whyte on 5/25/06. (jg, COURT |

| | | |
|---|---|---|
| | | STAFF) (Filed on 5/25/2006) (Entered: 05/25/2006) |
| 06/02/2006 | 33 | ORDER- CJA Contributions Due as to Ray Morada . Signed by Judge Patricia V. Trumbull on 5/12/06. (cm, COURT STAFF) (Filed on 6/2/2006) (Entered: 06/02/2006) |
| 06/13/2006 | 36 | Summons Returned Unexecuted in case as to Ray Morada (cfe, Court Staff) (Filed on 6/13/2006) (Entered: 06/13/2006) |
| 06/19/2006 | 39 | Minute Entry for proceedings held before Judge Ronald M. Whyte :Plea entered by Ray Morada (5) Guilty Count 1,4. A plea agreement was executed in open court. Sentencing set for 9/25/2006 09:00 AM before Hon. Ronald M. Whyte. (Court Reporter Lee-Anne Shortridge.) (cfe, Court Staff) (Filed on 6/19/2006) (Entered: 06/19/2006) |
| 06/20/2006 | 41 | PLEA AGREEMENT as to Ray Morada. (jg, COURT STAFF) (Filed on 6/20/2006) (Entered: 06/21/2006) |
| 06/26/2006 | 45 | Proposed Order by Ray Morada *Modifying Release Conditions* (Leeming, Peter) (Filed on 6/26/2006) (Entered: 06/26/2006) |
| 06/29/2006 | 46 | ORDER as to Ray Morada re 45 Proposed Order filed by Ray Morada, . Signed by Judge Richard Seeborg on 6/29/06. (mpb, COURT STAFF) (Filed on 6/29/2006) (Entered: 06/29/2006) |
| 08/11/2006 | 53 | Proposed Order by Ray Morada *Modifying release conditions* (Leeming, Peter) (Filed on 8/11/2006) (Entered: 08/11/2006) |
| 08/15/2006 | 54 | ORDER for travel as to Ray Morada . Signed by Judge Patricia V. Trumbull on 8/15/06. (cm, COURT STAFF) (Filed on 8/15/2006) (Entered: 08/15/2006) |
| 08/18/2006 | 55 | Corrected ORDER to travel as to Ray Morada . Signed by Judge Patricia V. Trumbull on 8/15/06. (cm, COURT STAFF) (Filed on 8/18/2006) (Entered: |

| | | 08/18/2006) |
|---|---|---|
| 09/18/2006 | 58 | SENTENCING MEMORANDUM by USA as to Ray Morada (Krotoski, Mark) (Filed on 9/18/2006) (Entered: 09/18/2006) |
| 09/25/2006 | 63 | Minute Entry for proceedings held before Judge Ronald M. Whyte :Sentencing held on 9/25/2006 for Ray Morada (5), Count(s) 1 & 4, 3 years probation; 3 years probation as to counts 1 and 4 to run concurrently with each other. The defendant shall participate in Home Confinement Program with Electronic Monitoring for a period of 6 months; $21,483.86 in restitution; $200.00 special assessment. (Court Reporter Lee-Anne Shortridge.) (cfe, Court Staff) (Filed on 9/26/2006) (Entered: 09/27/2006) |
| 10/10/2006 | 66 | JUDGMENT in a Criminal Case as to Ray Morada . Signed by Judge Ronald M. Whyte on 10/6/06. (jg, COURT STAFF) (Filed on 10/10/2006) (Entered: 10/10/2006) |
| 10/10/2006 | 72 | Sealing Order - General Order 54 as to Ray Morada. Sealing Presentence Report and Statement of Reasons. Signed by Judge Ronald M. Whyte on 10/10/06. (cfe, Court Staff) (Filed on 10/10/2006) (Entered: 10/11/2006) |
| 10/24/2006 | 77 | AMENDED JUDGMENT. Signed by Judge Ronald M. Whyte on 10/24/06. (jg, COURT STAFF) (Filed on 10/24/2006) (Entered: 10/24/2006) |
| 12/12/2006 | 87 | PAYMENT RECORD CARD : Payment of Special Assessment in the amount of $200.00 paid on 10/6/06 on behalf of Ray Morada (cfe, Court Staff) (Filed on 12/12/2006) (Entered: 12/12/2006) |
| 03/12/2007 | 99 | Probation Form 22; Transfer of Jurisdiction to USDC, District of Columbia, Washington as to Ray Morada . Signed by Judge Ronald M. Whyte on 2/12/07. (cfe, Court Staff) (Filed on 3/12/2007) (Entered: |

| | | 03/13/2007) |
|---|---|---|
| 03/12/2007 | 100 | Letter Re: Probation Transfer from USDC, District of Columbia, Washington as to Ray Morada (cfe, Court Staff) (Filed on 3/12/2007) (Entered: 03/13/2007) |
| 03/13/2007 | Â | Mailed Probation Transfer Documents to USDC, District of Columbia, Washington as to Ray Morada: (cfe, Court Staff) (Filed on 3/13/2007) (Entered: 03/13/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/19/2007 12:26:33 | | | |
| **PACER Login:** | us3871 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:06-cr-00246-RMW |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

# UNITED STATES DISTRICT COURT

FILED

## NORTHERN DISTRICT OF CALIFORNIA

APR 0 6 2006

## *SAN JOSE DIVISION*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## THE UNITED STATES OF AMERICA

### *vs.*

### ALLEN SOARES,
### SHON PETERMAN,
### JOSH MCALEER,
### TOM LEUNG,
### RAY MORADA.

## INDICTMENT

**Count One:** 18 U.S.C. § 371 - Conspiracy to Commit Criminal Copyright Infringement, Infringement By Electronic Means, Infringement By Distributing A Commercial Distribution Work, Traffic in Devices to Circumvent a Technological Measure that Protects a Copyright Work, Circumvent a Technological Measure that Protects a Copyright Work, and Use Audiovisual Recording Devices to Make Unauthorized Copies of Audiovisual Works;

**Counts Two through Four:** 17 U.S.C. § 506(a)(1)(B), 18 U.S.C. §§ 2319(c)(1) and 2 - Criminal Copyright Infringement By Electronic Means, and Aiding and Abetting;

**FORFEITURE ALLEGATIONS:** 17 U.S.C. §§ 506(b) and 509(a) - Criminal Forfeiture and Destruction.

*A true bill.* (17)

_____
*Foreperson*

*Filed in open court this* ___6___ *day of* ___April___
*A.D. 2006*

_____
*United States Magistrate Judge*

*Bail. $* *Summons* 5/11/06 2:00pm RS

FILED

APR 0 6 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

KEVIN V. RYAN (CASBN 118321)
United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06 00246 RMW |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 371 - Conspiracy to Commit Criminal Copyright Infringement, Infringement By Electronic Means, Infringement By Distributing A Commercial Distribution Work, Traffic in Devices to Circumvent a Technological Measure that Protects a Copyright Work, Circumvent a Technological Measure that Protects a Copyright Work, and Use Audiovisual Recording Devices to Make Unauthorized Copies Of Audiovisual Works; 17 U.S.C. § 506(a)(1)(B), 18 U.S.C. § 2319(c)(1) – Criminal Copyright Infringement By Electronic Means; 18 U.S.C. § 2 - Aiding and Abetting; 17 U.S.C. §§ 506(b) and 509(a) - Criminal Forfeiture and Destruction |
| v. | |
| ALLEN SOARES,<br>    a/k/a beemer,<br>SHON PETERMAN,<br>    a/k/a skrote,<br>    a/k/a push0r,<br>JOSH MCALEER,<br>TOM LEUNG,<br>    a/k/a parot3,<br>RAY MORADA,<br>    a/k/a rc51, | |
| Defendants. | |

SAN JOSE VENUE

INDICTMENT

The Grand Jury charges:

A. INTRODUCTION

At all times relevant to this Indictment:

INDICTMENT [United States v. Allen Soares, et al.] 1

1.    Defendants conspired and were knowingly and willfully engaged in the unauthorized reproduction and duplication of copyrighted movies, games, music, and software in violation of federal copyright laws. The defendants participated in a "warez conspiracy" – that is, individuals and organized groups of individuals who engaged in the duplication, modification, reproduction, and distribution of copyrighted software over the Internet, in violation of federal law. "Warez" typically includes software that has been cracked, or stripped of its copy protection, and made freely available for downloading in violation of its copyright license. "Warez site" refers to an online presence used by warez conspirators to upload and download copyrighted works without permission of the copyright holders and for other warez communications.

### Distinct Warez Conspiracy Roles

2.    The "warez conspiracy" consisted of a highly structured, hierarchal organizations of individuals organized for the purpose of reproducing and distributing copyrighted movies, games, and software in violation of federal copyright law. The conspirators fulfilled distinct roles and contributions to promote the success of the warez conspiracy. While some members held multiple roles, other members were responsible for one role each. Some of the distinct roles included, but were not limited to, the following:

a.    "Founders" or "Leaders" originally formed the warez group and looked for additional members who could provide something of value to the warez group. Warez leaders operated and controlled the sites and established terms of membership and conditions governing and restricting access.

b.    "Site Operators" (SiteOps) served as site managers responsible for maintaining, administering and supporting the warez site and controlling the daily operations of the site and server. The SiteOp typically granted access to the server for warez individuals and groups, supported the servers by purchasing, installing, and setting up hardware and site scripts, and held root access to the warez site.

c.    "Scripters" created, programmed, and helped build the warez site.

d.    "Suppliers" provided an unauthorized copyrighted movie, game or

1  software.

2      e.  "Cammers" used an audiovisual recording device (such as a camcorder) to

3  make an unauthorized copy of a motion picture or other audiovisual work that is protected by the

4  copyright laws.

5      f.  "Equipment Suppliers" provided hardware (such as hard drives, computer

6  parts, and computer servers) to the warez site.

7      g.  "Brokers" found groups to participate on the warez site.

8      h.  "Couriers" charged with gathering computer software programs, games,

9  and movies and uploading them to the warez site.

10      i.  "Encoders" (sometimes referred to as "rippers" and "crackers") were

11  responsible for circumventing the technological measures and protections of copyrighted works

12  on the DVDs to prevent unauthorized access and copying.

13      j.  "Leeches" included warez members who were permitted site access based

14  on friendship, not group affiliation.

15      k.  "Ratio" included a warez member who was required to fulfill a

16  contribution requirement in order to download copyright works; e.g., the most common ratio is

17  one upload to three downloads, permitting the warez member to download pirated material under

18  a one to three ratio.

19      l.  "Affil" included a warez group that agreed to provide its first release of

20  movies, games, or software to a particular top warez site.

21       "Warez" Sites:  "LAD" and "CHUD"

22    3.  Defendants communicated about and transferred pirated movies, games, music,

23  and software almost exclusively over the Internet, including at certain "warez" sites, consisting of

24  one or more computers connected to the Internet for the purpose of receiving, storing, and

25  distributing pirated software.  The first warez site, originally known as HOT and later named

26  LAD, eventually became an archive site, holding older pirated movies, games, and software.  The

27  second warez site, called CHUD, had more storage and was significantly faster than the LAD

28  warez site.

1    Additional Servers: "SNOWCAVE," "VS" and "VS2"

2    4.    Overtime, the defendants sought to expand, and did expand, the size, capacity and

3    ability of the warez sites.  For example, warez members provided equipment to enhance the

4    warez sites and to store pirated movies, games, and software.  Some of the equipment included

5    hard drives, computer parts, and computer servers.  Three of the servers, among others, were

6    known as "SNOWCAVE," and "VS" (a/k/a Victoria Secret), and "VS2".  The combined servers,

7    CHUD, LAD, VS, VS2 and SNOWCAVE, expanded to include approximately 27 terabytes of

8    pirated movies, games, and software.

9    Defendants

10    5.    Defendant ALLEN SOARES, a/k/a beemer, served as leech access user and

11    assisted in maintaining and assembling the warez site VS.

12    6.    Defendant SHON PETERMAN, a/k/a skrote, a/k/a push0r, served as a ratio

13    access user on the warez site CHUD.

14    7.    Defendant JOSH MCALEER served as an operator of an unnamed warez site

15    intended to be used for further warez activities and to connect with warez sites located in the

16    Northern District of California.

17    8    Defendant TOM LEUNG, a/k/a parot3, served as leech access user on the

18    warez site LAD.

19    9.    Defendant RAY MORADA, a/k/a rc51, served as a leech user on the warez site

20    CHUD.

21    Copyrighted Movies, Games and Software

22    10.    During the warez conspiracy, more than 750 pirated movie titles were uploaded to

23    the CHUD and LAD sites.

24    a.    Some examples of the infringed movie titles include: "Closer,"

25    "Elektra," "Hotel Rwanda," "Kinsey," "Mr. and Mrs. Smith," "Monster in Law," "The Pacifier,"

26    "Spanglish," "Star Wars:  Episode III - Revenge of the Sith," and "Son of the Mask."

27    b.    Many of the infringed movies were uploaded to the warez site

28    either before or at about the same time that they were being shown in U.S. theaters, or were

INDICTMENT [United States v. Allen Soares, et al.]4    4

1   otherwise publically available.  Some prerelease examples include the movie "Star Wars:

2   Episode III - Revenge of the Sith" which was uploaded on the warez site on or about May 18,

3   2005, within hours of its theatrical release to the public; the movie "Batman Begins" which was

4   uploaded on June 15, 2005, the same day it was released to the public in the theaters; the movie

5   "Bewitched" which was uploaded on the warez site on June 26, 2005, after being released in the

6   theaters to the public June 24, 2005.

7           11.    During the warez conspiracy, more than 1,250 copyrighted games were

8   uploaded to the CHUD and LAD sites.  Some examples of the infringed game titles include: "Air

9   Force Delta Storm," "American Chopper," "Bionicle, Doom 3," "Grand Theft Auto:  San

10  Andreas," and "Rally Sport Challenge 2," among many more.

11          12.    During the warez conspiracy, more than 180 copyrighted software

12  applications were uploaded to the CHUD and LAD sites.  Some examples of the infringed

13  software titles include: "Adobe Photoshop," "Adobe Workshop CS2," "ADOBE Creative Suite

14  Premium," "Adobe Acrobat Professional V7," "Autodesk Discreet 3D Studio.Mac.V7,"

15  "Microsoft.Office.System Professional," "Microsoft Office XP Professional SP3," "Microsoft

16  Windows XP x64 Pro," "Apple DVD Studio PRO.V4," "Apple soundtrack pro mac," "Sony

17  Vegas plus DVD Production Suite," "Norton 2005," "VMware ESX Server," "Autodesk Autocad

18  mechanical V2006," "Autodesk Revit Volume 7," "Autodesk Autocad Volume 2006," "ARCGIS

19  Desktop Volume 9," "Symantec Antivirus Corporate Edition," among many more.

20  COUNT ONE:    (18 U.S.C. § 371 - Conspiracy to Commit Criminal Copyright
                  Infringement, Infringement By Electronic Means, Infringement By
21                Distributing A Commercial Distribution Work, Traffic in Devices to
                  Circumvent a  Technological Measure that Protects a Copyright Work,
22                Circumvent a  Technological Measure that Protects a Copyright Work, and
                  Use Audiovisual Recording Devices to Make Unauthorized Copies Of
23                Audiovisual Works)

24          13.    The allegations in paragraphs one through thirteen are re-alleged and

25  incorporated herein as if set forth in full.

26          14.    Beginning at a time unknown, but not later than in or about June 2003, and

27  continuing thereafter up to and including the date of the Indictment, in the Northern District of

28  California, and elsewhere, the defendant,

1        ALLEN SOARES,
             a/k/a beemer,
2        SHON PETERMAN,
             a/k/a skrote,
3             a/k/a push0r,
         JOSH MCALEER,
4          TOM LEUNG,
             a/k/a parot3,
5          RAY MORADA,
             a/k/a rc51,

6

7    and others known and unknown to the Grand Jury, did knowingly agree, combine and conspire

8    to commit offenses against the United States, that is:

9            A.    Criminal copyright infringement of a copyright by reproducing and
                   distributing at least ten infringing copies of one or more copyrighted
10                 works, with a total retail value of more than $2,500, during a 180-day
                   period, for purposes of private financial gain, in violation of Title 17,
11                 United States Code, Section 506(a)(1)(A), and Title 18, United States
                   Code, Section 2319(b);

12

13           B.    Criminal copyright infringement of a copyright by reproducing and
                   distributing, including by electronic means, at least ten infringing copies of
14                 one or more copyrighted works, with a total retail value of more than
                   $2,500, during a 180-day period, in violation of Title 17, United States
                   Code, Section 506(a)(1)(B), and Title 18, United States Code, Section
15                 2319(c);

16           C.    Criminal copyright infringement of a copyright by the distribution of a
                   work being prepared for commercial distribution, by making it available
17                 on a computer network accessible to members of the public, if such person
                   knew or should have known that the work was intended for commercial
18                 distribution, in violation of Title 17, United States Code, Section
                   506(a)(1)(C), and Title 18, United States Code, Section 2319(d);

19

20           D.    Circumventing a technological measure that protects a copyright work, by
                   willfully, and for purposes of private financial gain, circumventing a
                   technological measure that effectively controls access to a work protected
21                 under Title 17 of the United States Code, in violation of Title 17, United
                   States Code, Sections 1201(a)(1)(A), and 1204(a)(1);

22

23           E.    Trafficking in a technology, product, service, and device, by willfully, and
                   for purposes of private financial gain, knowing that the technology,
                   product, service, and device was primarily designed and produced for the
24                 purpose of circumventing a technological measure that effectively
                   controlled access to a copyrighted work, in violation of Title 17, United
25                 States Code, Sections 1201(a)(2)(A), and 1204(a)(1); and

26           F.    Using, or attempting to use, an audiovisual recording device to transmit or
                   make an unauthorized copy of a motion picture and other audiovisual
27                 work protected under Title 17, or any part thereof, from a performance of
                   such work in a motion picture exhibition facility, in violation of Title 18,
28                 United States Code, Section 2319B.

INDICTMENT [United States v. Allen Soares, et al.]6    6

II.    WAYS AND MEANS OF THE CONSPIRACY

In furtherance of the conspiracy, defendants and others known and unknown to the Grand Jury employed among others, the following ways and means:

### Copyright Infringement

15.    It was a part of the conspiracy that the conspirators obtained unauthorized copies of copyrighted works, including movies, games, and software; did not own the copyrighted works uploaded and downloaded on the warez sites; and did not have license, permission or other authority from the owners of those copyrighted works to reproduce and distribute them or to make them available for downloading from the warez sites.

### Obtaining and Encoding Copyrighted Works For Distribution

16.    It was further part of the conspiracy that a "supplier" would provide a copyrighted work which would ultimately be encoded and uploaded to the site controlled by the warez release group. "Suppliers" included company and industry insiders who provided final versions of a new product before its release to the public. Another supply source included unauthorized copies of a motion picture or other audiovisual work made through the use of audiovisual recording devices (such as camcorders).

17.    It was further part of the conspiracy that once the new supply was posted to the "drop" or "drop site," another individual, known as an "encoder," retrieved the copyrighted material and removed its copyright protection controls (including technological measures designed to protect the copyrighted works), and other security and identification controls (including serial numbers, tags, duplication controls, and security locks). Once successfully cracked, the copyrighted material was posted to the "drop" site, where it was distributed to others from the warez site. A user with privileged access to the warez site, copied and duplicated (by downloading) pirated material for personal or other uses.

### Security Features

18.    It was further part of the conspiracy that the warez sites were protected by a variety of sophisticated security mechanisms to ensure that only authorized users could gain access to the movies, games, and software titles stored on the warez sites. Authorization and

1  authentication of users occurred using a combination of screen name verification, password

2  authentication, port variation (usually non-standard port numbers), and IP address verification.

3  To be permitted access to either the CHUD or LAD sites, a warez member had to be invited to

4  the site.  For example, the warez sites were only accessible to authorized users entering the site(s)

5  through known Internet Protocol (IP) addresses with pre-established IDs, log-in names, and

6  passwords.  The warez site operators carefully limited the usage of its sites, which were not

7  available to the general public.  No two users held the same FTP username.  Only IP addresses

8  that the SiteOp included were able to access the system.

9         19.    It was further part of the conspiracy that defendants would and did conceal

10  the nature and purposes of the conspiracy and the acts done in furtherance of it, in part by using,

11  in most of their communications, screen names instead of their true names.

12                        Communication Channels

13         20.    It was further part of the conspiracy that some warez members

14  communicated about the warez conspiracy's illegal activities with other warez members through

15  the use of "real time" software applications.  These methods of communication included, and

16  were not limited to,  Instant Messenger ("IM") and password-only Internet relay chat ("IRC").

17  Individuals using the IRC channels were permitted access by invitation only.  The following

18  network channels were created by the users of CHUD and LAD and used a secure socket layer

19  (SSL) communication (a protocol for securely transmitting documents via the Internet) which

20  would encrypt communications across all of the IRC channels.  The IRC channels were referred

21  to as: #chud, #chudincorporated, #donottell, #?vs, #!vs, #laddy, #!__---!!!, #snowcave,

22  #whoresrus, and #itv.

23         21.    It was further part of the conspiracy that some of the warez conspirators

24  communicated through various e-mail accounts, including but not limited to Google, Yahoo, and

25  Hotmail accounts, all located and accessed in the Northern District of California.

26         22.    It was further part of the conspiracy that some of the warez conspirators

27  communicated through the use of the telephone, private carriers and the mails.

28  // // //

1

Private Financial Compensation

23.    It was further a part of the conspiracy that some warez members received credits for every upload, allowing them to download from the warez site based on the size of the upload.  For example, individuals used a credit ratio of one upload amount equal to three downloads (i.e. one gigabyte/three gigabytes) as a means of private financial gain.  In other words, an individual who uploaded one movie could download three movies.

24.    It was further a part of the conspiracy that some individuals were paid money for supplying movies, games, or software, including pre-releases that were not available to the public.

25.    It was further a part of the conspiracy that some warez members provided financial compensation to some individuals for pirated movies, games and software through PayPal, located in the Northern District of California.

Circumvention Tools And Products

26.    It was further part of the conspiracy that some warez members trafficked in technologies, products, services, and devices which were primarily designed and produced for the purpose of circumventing the access control and copy prevention systems embedded on digital copies of copyrighted works.  For example, many DVDs contained an access control and copy prevention system, including a "Content Scramble System" (CSS), which served as a technological measure to protect the contents of a DVD from unauthorized access and copying.  Some warez members trafficked in technologies, products, services, and devices that were used to circumvent the access control and copy prevention systems protecting the copyrighted content on the DVDs.

27.    It was further part of the conspiracy that some of the circumvention tools and products placed and used on the warez servers and used to circumvent CSS, included, but were not limited to:  (a) AnyDVD; (b) Gordian Knot; (c) DVD2SVCD; (d) DVD Decrypter; (e) DVD Shrink; (f) DVD2AVI; and (g) VirtualDubMod.

28.    It was further part of the conspiracy that some warez members circumvented technological measures designed to protect or limit access to copyrighted

INDICTMENT [United States v. Allen Soares, et al.]9   9

1  materials, including but not limited to new releases for movies, software and games. Once the

2  technological measure was circumvented, unauthorized access and copying was enabled.

Removal Of Identification Markings

4      29.    It was further part of the conspiracy that some warez members removed

5  identification markings and other features from movies to conceal the origination and identities

6  of the copyrighted materials.

Computer Access To Works Prepared For Commercial Distribution

8      30.    It was further part of the conspiracy that defendants distributed

9  copyrighted movies, games and software that were being prepared for commercial distribution

10  for sale to the public, by making it available before their release on a computer network

11  accessible to members of the public. For example, the movie "Hide and Seek" was received on

12  or about June 1, 2005 and released on video to the public on or about July 5, 2005; the movie

13  "Hitch" was received on or about May 23, 2005 and released on video to the public on or about

14  June 14, 2005;

15  the movie "The Pacifier" was received on or about June 15, 2005 and released on video to the

16  public on or about June 28, 2005; and the movie "Imaginary Heroes" was received on or about

17  May 23, 2005 and released on to the public video on or about June 7, 2005.

Unauthorized Theatrical Recordings

19      31.    It was further part of the conspiracy that defendants used, or attempted to

20  use, audiovisual recording devices to transmit or make an unauthorized copy of a motion picture

21  and other audiovisual copyrighted works from a performance of the copyrighted work in a

22  motion picture theater. For example, the movie "The Perfect Man," which was uploaded to the

23  site on or about June 21, 2005, was verified by the Motion Picture Association of America to be

24  a copy of a movie that was filmed in a specific movie theater.

25  III.    OVERT ACTS

26      32.    In furtherance of the conspiracy, and to effectuate its objects, defendant

27  ALLEN SOARES, a/k/a beemer, committed overt acts, in the Northern District of California, and

28  elsewhere, including but not limited to:

INDICTMENT [United States v. Allen Soares, et al.]10 10

a.    On or about December 16, 2004, defendant ALLEN SOARES met individuals known to the Grand Jury and assisted with the installation of the warez server VS.

b.    On or about December 20, 2004, defendant ALLEN SOARES contacted an individual known to the Grand Jury and requested a meeting so SOARES and another individual known to the Grand Jury could repair the warez server VS.

c.    On or about December 21, 2004, defendant ALLEN SOARES met with two individuals known to the Grand Jury and performed repairs to the warez server VS.

d.    On or about the dates listed in Count Two, defendant ALLEN SOARES uploaded or downloaded the listed copyrighted works from the warez sites.

e    On or about the following dates, defendant  ALLEN SOARES uploaded or downloaded one or more copyrighted works as follows:

|     | Date | Conduct/Copyrighted Works |
|-----|------|---------------------------|
| (1) | March 23, 2005 | Accessed VS and downloaded the software Alias Maya Unlimited |
| (2) | March 27, 2005 | Accessed VS and downloaded the software Autodesk Autocad Mechanical |
| (3) | March 27, 2005 | Accessed VS and downloaded the software Autodesk Autocad 2006 |
| (4) | March 27, 2005 | Accessed VS and downloaded the software Discreet Combustion V4.0 |
| (5) | March 27, 2005 | Accessed VS and downloaded the software Curious Labs Poser V6.0 |
| (6) | March 26, 2005 | Accessed VS and downloaded the software Propellerheads Reason V3.0 |
| (7) | March 24, 2005 | Accessed VS and downloaded the movie Bridget Jones the Edge of Reason |
| (8) | March 24, 2005 | Accessed VS and downloaded the movie Elektra |
| (9) | March 28, 2005 | Accessed VS and downloaded the movie Heat |
| (10) | March 22, 2005 | Accessed VS and downloaded the movie Hitch |
| (11) | March 31, 2005 | Accessed VS and downloaded the movie Hotel Rwanda |
| (12) | March 28, 2005 | Accessed VS and downloaded the movie Meet the Fockers |
| (13) | March 24, 2005 | Accessed VS and downloaded the movie Spanglish |
| (14) | March 28, 2005 | Accessed VS and downloaded the movie The Life Aquatic with Steve Zissou |
| (15) | January 27, 2005 | Accessed VS and uploaded the movie Taxi |

33.    In furtherance of the conspiracy, and to effectuate its objects, defendant SHON PETERMAN, a/k/a skrote, a/k/a push0r, committed overt acts, in the Northern District of California,

INDICTMENT [United States v. Allen Soares, et al.]11 11

and elsewhere, including but not limited to:

        a.        On or about the following dates, defendant SHON  PETERMAN downloaded one or more copyrighted works as follows:

|      | Date          | Conduct/Copyrighted Works |
|------|---------------|---------------------------|
| (1)  | March 1, 2005 | Accessed CHUD and downloaded the movie Lemony Snickets A Series Of Unfortunate Events |
| (2)  | March 4, 2005 | Accessed CHUD and downloaded the movie Blade Trinity |
| (3)  | March 4, 2005 | Accessed CHUD and downloaded the movie Fat Albert |
| (4)  | March 4, 2005 | Accessed CHUD and downloaded the movie Oceans 12 |
| (5)  | March 1, 2005 | Accessed CHUD and downloaded the movie Elektra |
| (6)  | March 2, 2005 | Accessed CHUD and downloaded the movie Man of the House |

        34.    In furtherance of the conspiracy, and to effectuate its objects, defendant JOSH MCALEER, committed overt acts, in the Northern District of California,  and elsewhere, including but not limited to:

        a.        On or about March 15, 2005, an individual known to the grand jury instructed another individual known to the grand jury to deliver a computer server to a person subsequently identified as defendant JOSH MCALEER.  The server was intended to be built and used for further warez activities and to connect with warez sites located in the Northern District of California.

        b.        On or about April 18, 2005, an individual known to the grand jury provided another individual known to the grand jury with the telephone number for defendant JOSH MCALEER and requested that contact be made concerning the computer server.

        c.        On or about April 22, 2005, defendant JOSH MCALEER participated in a telephone conversation with an individual known to the grand jury.  During this conversation, defendant MCALEER asked about the computer server the individual known to the grand jury was delivering, discussed details about the installation of the computer server, and noted steps that may be taken to avoid detection by authorities and others after the computer server was installed.

        d.        On or about April 27, 2005, an individual known to the grand jury

1  asked another individual known to the grand jury to deliver the computer server to defendant JOSH

2  MCALEER.

3                    e.        On or about April 28, 2005, defendant JOSH MCALEER met with an

4  individual known to the grand jury to install the compuer server.  Among other things, defendant

5  MCALEER discussed measures to prevent overheating of the server.

6                    f.        On or about May 2, 2005,  an individual known to the grand jury

7  instructed another individual known to the grand jury to contact defendant JOSH MCALEER about

8  the status of the delivered server.  An individual known to the grand jury provided contact e-mails

9  for defendant MCALEER, includling at zeropings.com and yahoo.com.

10                   35. In furtherance of the conspiracy, and to effectuate its objects, defendant TOM

11 LEUNG, a/k/a parot3, committed overt acts, in the Northern District of California, and elsewhere,

12 including  but not limited to:

13                   a.        On or about the dates listed in Count Three, defendant TOM LEUNG

14 downloaded the listed copyrighted works from the warez sites.

15                   b.        On or about the following dates, defendant TOM LEUNG downloaded one

16 or more copyrighted works as follows:

|     | Date | Conduct/Copyrighted Works |
| --- | --- | --- |
| (1) | February 3, 2004 | Accessed CHUD and downloaded the software FARO CAM 2 |
| (2) | January 31, 2004 | Accessed CHUD and downloaded the software Ahead Nero |
| (3) | January 23, 2004 | Accessed CHUD and downloaded the software MYOB Premiere |
| (4) | February 2, 2004 | Accessed CHUD and downloaded the movie Matchstick Men |
| (5) | January 30, 2004 | Accessed CHUD and downloaded the movie Runaway Jury |
| (6) | January 23, 2004 | Accessed CHUD and downloaded the movie Jay Jay the Jet Plane Adventures in Learning |
| (7) | January 24, 2004 | Accessed CHUD and downloaded the movie Jay Jay the Jet Plane Good Friends Forever |
| (8) | January 21, 2004 | Accessed CHUD and downloaded the movie Jay Jay the Jet Plane Learning Lifes Lesson |
| (9) | February 1, 2004 | Accessed CHUD and downloaded the movie Jay Jay the Jet Plane Lessons for All Seasons |

| (10) | February 10, 2004 | Accessed CHUD and downloaded the movie Jay Jay the Jet Plane Liking Yourself Inside and Out |
| (11) | January 21, 2004 | Accessed CHUD and downloaded the movie Jay Jay the Jet Plane Supersonic Pals |
| (12 | January 17, 2004 | Accessed CHUD and downloaded the movie Jet Pilot 1957 |
| (13) | February 15, 2004 | Accessed CHUD and downloaded the movie Eurotrip |
| (14) | April 11, 2004 | Accessed CHUD and downloaded the movie The Alamo |
| (15) | January 17, 2004 | Accessed CHUD and downloaded the game Shredder 8 |

36.     In furtherance of the conspiracy, and to effectuate its objects, defendant RAY MORADA, a/k/a rc51, committed overt acts, in the Northern District of California, and elsewhere, including but not limited to:

a.     On or about the dates listed in Count Four, defendant RAY MORADA uploaded or downloaded the listed copyrighted works from the warez sites.

b.     On or about the following dates, defendant RAY MORADA uploaded or downloaded one or more copyrighted works as follows:

| | Date | Conduct/Copyrighted Works |
|---|---|---|
| (1) | June 21, 2005 | Accessed CHUD and downloaded the software Avid Alienbrain Studio V7.1.1 |
| (2) | May 17, 2005 | Accessed CHUD and downloaded the software Cocreate Designer Modeling V13 |
| (3) | May 17, 2005 | Accessed CHUD and downloaded the software PTC Pro Engineer Wildfire V2.0 |
| (4) | April 22, 2005 | Accessed CHUD and downloaded the software Sony Vegas Plus DVD Production Suite V6.0 |
| (5) | March 10, 2005 | Accessed CHUD and downloaded the software Microsoft MapPoint USAV2004 |
| (6) | April 20, 2005 | Accessed CHUD and downloaded the software Mac OS X V10.4 Tiger |
| (7) | March 8, 2005 | Accessed CHUD and downloaded the software Roxio Easy Media Creator V7.1 |
| (8) | March 21, 2005 | Accessed CHUD and downloaded the software Scansoft Paperport V10 |
| (9) | March 3, 2005 | Accessed CHUD and downloaded the software Symantec Norton Ghost V9.0 |
| (10) | April 22, 2005 | Accessed CHUD and downloaded the software Symantec Antivirus Corporate Edition V10.0.0 |
| (11) | April 22, 2005 | Accessed CHUD and downloaded the software Ulead Video Studio V9.0 |
| (12) | June 15, 2005 | Accessed CHUD and downloaded the movie Are we there yet |

| (13) | June 15, 2005 | Accessed CHUD and downloaded the movie Coach Carter |
| (14) | June 15, 2005 | Accessed CHUD and downloaded the movie Hostage |
| (15) | June 15, 2005 | Accessed CHUD and downloaded the movie Sideways |

COUNT TWO:    (17 U.S.C. § 506(a)(1)(B), 18, U.S.C. §§ 2319(c)(1) and 2 - Criminal Copyright Infringement  By Electronic Means, and Aiding and Abetting)

37.    On or about the dates set forth below, in the Northern District of California, and elsewhere, defendant,

ALLEN SOARES,
a/k/a beemer,

did willfully infringe the copyrights of copyrighted works, that is, movies, games and software, by the reproduction and distribution by electronic means, including via the Internet, during a 180-day period, of ten (10) or more copies of one or more of the copyrighted works, which had a retail value of $2,500 or more, including but not limited to the following:

|      | Date | Conduct/Copyrighted Works |
|------|------|---------------------------|
| (1) | March 23, 2005 | Accessed VS and downloaded the software Alias Maya Unlimited |
| (2) | March 27, 2005 | Accessed VS and downloaded the software Autodesk Autocad Mechanical |
| (3) | March 27, 2005 | Accessed VS and downloaded the software Autodesk Autocad 2006 |
| (4) | March 27, 2005 | Accessed VS and downloaded the software Discreet Combustion V4.0 |
| (5) | March 27, 2005 | Accessed VS and downloaded the software Curious Labs Poser V6.0 |
| (6) | March 26, 2005 | Accessed VS and downloaded the software Propellerheads Reason V3.0 |
| (7) | March 24, 2005 | Accessed VS and downloaded the movie Bridget Jones the Edge of Reason |
| (8) | March 24, 2005 | Accessed VS and downloaded the movie Elektra |
| (9) | March 28, 2005 | Accessed VS and downloaded the movie Heat |
| (10) | March 22, 2005 | Accessed VS and downloaded the movie Hitch |
| (11) | March 31, 2005 | Accessed VS and downloaded the movie Hotel Rwanda |
| (12) | March 28, 2005 | Accessed VS and downloaded the movie Meet the Fockers |
| (13) | March 24, 2005 | Accessed VS and downloaded the movie Spanglish |
| (14) | March 28, 2005 | Accessed VS and downloaded the movie The Life Aquatic with Steve Zissou |
| (15) | January 27, 2005 | Accessed VS and uploaded the movie Taxi |

All in violation of Title 17, United States Code, Section 506(a)(1)(B), Title 18, United

States Code, Sections 2319(c)(1) and 2.

COUNT THREE:    (17 U.S.C. § 506(a)(1)(B), 18, U.S.C. §§ 2319(c)(1) and 2 - Criminal
                Copyright Infringement  By Electronic Means, and Aiding and Abetting)

        38.    On or about the dates set forth below, in the Northern District of California, and

elsewhere, defendant,

TOM LEUNG,
a/k/a parot3,

did willfully infringe the copyrights of copyrighted works, that is, movies, games and software,

by  the reproduction and distribution by electronic means, including via the Internet, during a

180-day period, of ten (10) or more copies of one or more of the copyrighted works, which had a

retail value of $2,500 or more, including but not limited to the following:

|     | Date | Conduct/Copyrighted Works |
|-----|------|---------------------------|
| (1) | February 3, 2004 | Accessed CHUD and downloaded the software FARO CAM 2 |
| (2) | January 31, 2004 | Accessed CHUD and downloaded the software Ahead Nero |
| (3) | January 23, 2004 | Accessed CHUD and downloaded the software MYOB Premiere |
| (4) | February 2, 2004 | Accessed CHUD and downloaded the movie Matchstick Men |
| (5) | January 30, 2004 | Accessed CHUD and downloaded the movie Runaway Jury |
| (6) | January 23, 2004 | Accessed CHUD and downloaded the movie Jay Jay the Jet Plane Adventures in Learning |
| (7) | January 24, 2004 | Accessed CHUD and downloaded the movie Jay Jay the Jet Plane Good Friends Forever |
| (8) | January 21, 2004 | Accessed CHUD and downloaded the movie Jay Jay the Jet Plane Learning Lifes Lesson |
| (9) | February 1, 2004 | Accessed CHUD and downloaded the movie Jay Jay the Jet Plane Lessons for All Seasons |
| (10) | February 10, 2004 | Accessed CHUD and downloaded the movie Jay Jay the Jet Plane Liking Yourself Inside and Out |
| (11) | January 21, 2004 | Accessed CHUD and downloaded the movie Jay Jay the Jet Plane Supersonic Pals |
| (12 | January 17, 2004 | Accessed CHUD and downloaded the movie Jet Pilot 1957 |
| (13) | February 15, 2004 | Accessed CHUD and downloaded the movie Eurotrip |
| (14) | April 11, 2004 | Accessed CHUD and downloaded the movie The Alamo |

| (15) | January 17, 2004 | Accessed CHUD and downloaded the game Shredder 8 |

All in violation of Title 17, United States Code, Section 506(a)(1)(B), Title 18, United States Code, Sections 2319(c)(1) and 2.

COUNT FOUR:    (17 U.S.C. § 506(a)(1)(B), 18, U.S.C. §§ 2319(c)(1) and 2 - Criminal Copyright Infringement  By Electronic Means, and Aiding and Abetting)

39.          On or about the dates set forth below, in the Northern District of California, and elsewhere, defendant,

RAY MORADA,
a/k/a rc51,

did willfully infringe the copyrights of copyrighted works, that is, movies, games and software, by the reproduction and distribution by electronic means, including via the Internet, during a 180-day period, of ten (10) or more copies of one or more of the copyrighted works, which had a retail value of $2,500 or more, including but not limited to the following:

|  | Date | Conduct/Copyrighted Works |
| --- | --- | --- |
| (1) | June 21, 2005 | Accessed CHUD and downloaded the software Avid Alienbrain Studio V7.1.1 |
| (2) | May 17, 2005 | Accessed CHUD and downloaded the software Cocreate Designer Modeling V13 |
| (3) | May 17, 2005 | Accessed CHUD and downloaded the software PTC Pro Engineer Wildfire V2.0 |
| (4) | April 22, 2005 | Accessed CHUD and downloaded the software Sony Vegas Plus DVD Production Suite V6.0 |
| (5) | March 10, 2005 | Accessed CHUD and downloaded the software Microsoft MapPoint USAV2004 |
| (6) | April 20, 2005 | Accessed CHUD and downloaded the software Mac OS X V10.4 Tiger |
| (7) | March 8, 2005 | Accessed CHUD and downloaded the software Roxio Easy Media Creator V7.1 |
| (8) | March 21, 2005 | Accessed CHUD and downloaded the software Scansoft Paperport V10 |
| (9) | March 3, 2005 | Accessed CHUD and downloaded the software Symantec Norton Ghost V9.0 |
| (10) | April 22, 2005 | Accessed CHUD and downloaded the software Symantec Antivirus Corporate Edition V10.0.0 |
| (11) | April 22, 2005 | Accessed CHUD and downloaded the software Ulead Video Studio V9.0 |
| (12) | June 15, 2005 | Accessed CHUD and downloaded the movie Are we there yet |
| (13) | June 15, 2005 | Accessed CHUD and downloaded the movie Coach Carter |
| (14) | June 15, 2005 | Accessed CHUD and downloaded the movie Hostage |
| (15) | June 15, 2005 | Accessed CHUD and downloaded the movie Sideways |

INDICTMENT [United States v. Allen Soares, et al.]17 17

1    All in violation of Title 17, United States Code, Section 506(a)(1)(B), Title 18, United

2    States Code, Sections 2319(c)(1) and 2.

3    <u>FORFEITURE ALLEGATIONS</u>:     (17 U.S.C. §§ 506(b) and 509(a) - Criminal Forfeiture and
                                        Destruction)
4

5    40.     As a result of the offenses alleged in Counts One and Three of this indictment,

6    defendant,

7                                    TOM LEUNG,
                                     a/k/a parot3,
8

9    shall forfeit to the United States, pursuant to Title 17, United States Code, Sections 506(b) and

10   509(a), all copies manufactured, reproduced, distributed, sold, or otherwise used, intended for

11   use, or possessed with intent to use in violation of the offense under Section 506(a), and all

12   plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such

13   copies may be reproduced, and all electronic, mechanical, and other devices for manufacturing,

14   reproducing, and assembling such copies, including but not limited to the items listed in

15   Attachment A, which are re-alleged and incorporated herein as if set forth in full.

16   41.     As a result of the offenses alleged in Counts One and Four of this indictment,

17   defendant,

18                                   RAY MORADA,
                                     a/k/a rc51,

19   shall forfeit to the United States, pursuant to Title 17, United States Code, Sections 506(b) and

20   509(a), all copies manufactured, reproduced, distributed, sold, or otherwise used, intended for

21   use, or possessed with intent to use in violation of the offense under Section 506(a), and all

22   plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such

23   copies may be reproduced, and all electronic, mechanical, and other devices for manufacturing,

24   ///

25   ///

26   ///

27   ///

28   ///

INDICTMENT [<u>United States v. Allen Soares, et al.</u>]18 18

1   reproducing, and assembling such copies, including but not limited to the items listed in

2   Attachment B, which are re-alleged and incorporated herein as if set forth in full.

3   DATED:                                              A TRUE BILL

4
        APR 06 06
5                                                       _____
                                                        Grand Jury Foreperson
6

7   KEVIN V. RYAN
    United States Attorney
8

9

10  _____
    MATTHEW A. PARRELLA
11  Chief, San Jose Branch Office

12

13  (Approved as to form: _____)
                            AUSA MARK L. KROTOSKI
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT [United States v. Allen Soares, et al.] 19 19

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

FILED Orig

### OFFENSE CHARGED

SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:
SEE ATTACHMENT

— DEFENDANT - U.S. —

▶ ALLEN SOARES

APR 0 6 2006

RICHARD W. WIEKING
DISTRICT COURT NUMBER  CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

CR 06 00246 RMW

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

S/A Julia Jolie-F.B.I.

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:     SHOW DOCKET NO.
  ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under     MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM     KEVIN V. RYAN

☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)     MARK KROTOSKI

DEFENDANT

IS *NOT* IN CUSTODY
1) Has not been arrested, pending outcome this proceeding.
☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges     ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No     If "Yes" give date filed     Month/Day/Year

DATE OF ARREST     Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY     Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT     Bail Amount:

If Summons, complete following:
☒ Arraignment  ☐ Initial Appearance

Defendant Address:
1580 Whispering Oaks Way
Pleasanton, CA

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:  May 11, 2006 at 2:00 p.m.

Before Judge:  Richard Seeborg

Comments:

## ATTACHMENT PENALTY SHEET

### United States
### v.
### Allen Soares; Shon Peterman; Josh Mcaleer; Tom Leung, and Ray Morada.

18 U.S.C. § 371 - Conspiracy to Commit Criminal Copyright Infringement, Infringement By Electronic Means, Infringement By Distributing A Commercial Distribution Work, Traffic in Devices to Circumvent a Technological Measure that Protects a Copyright Work, Circumvent a Technological Measure that Protects a Copyright Work, and Use Audiovisual Recording Devices to Make Unauthorized Copies Of Audiovisual Works

              Penalty:       Maximum 5 years imprisonment;
                              Maximum $250,000 or twice the value of the property involved in the transaction, whichever is greater;
                              Maximum 3 years supervised release;
                              Mandatory $100 Special Assessment.

17 U.S.C. § 506(a)(1)(B), 18 U.S.C. §§ 2319(d)(2) and 2 - Criminal Copyright Infringement By Electronic Means and Aiding and Abetting.

              Penalty:       Maximum 3 years imprisonment;
                              Maximum $250,000 or twice the value of the property involved in the transaction, whichever is greater;
                              Maximum 2 years supervised release;
                              Mandatory $100 Special Assessment.
                              Forfeiture - Ordered by the Court

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

FILED

### OFFENSE CHARGED

SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-
meanor
☒ Felony

PENALTY:

SEE ATTACHMENT

─ DEFENDANT - U.S.

APR 0 6 2006

▶ SHON PETERMAN

DISTRICT COURT NUMBER
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

CR 06 00246 RMW

### PROCEEDING

**Name of Complainant Agency, or Person (&Title, if any)**

S/A Julia Jolie-F.B.I.

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

**Name and Office of Person Furnishing Information on THIS FORM**

KEVIN V. RYAN

☒ U.S. Att'y ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y (if assigned)**

MARK KROTOSKI

─ DEFENDANT

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed

Month/Day/Year

**DATE OF ARREST** ▶

Or... if Arresting Agency & Warrant were not
Month/Day/Year

**DATE TRANSFERRED TO U.S. CUSTODY** ▶

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT Bail Amount:

If Summons, complete following:
☒ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

**Defendant Address:**
1415 Westlynn #204
Wichita, KS 67212

Date/Time: May 11, 2006 at 2:00 p.m.

Before Judge: Richard Seeborg

Comments:

## ATTACHMENT PENALTY SHEET

### United States
### v.
### Allen Soares; Shon Peterman; Josh Mcaleer; Tom Leung, and Ray Morada.

18 U.S.C. § 371 - Conspiracy to Commit Criminal Copyright Infringement, Infringement By Electronic Means, Infringement By Distributing A Commercial Distribution Work, Traffic in Devices to Circumvent a  Technological Measure that Protects a Copyright Work, Circumvent a Technological Measure that Protects a Copyright Work, and Use Audiovisual Recording Devices to Make Unauthorized Copies Of Audiovisual Works

> Penalty:    Maximum 5 years imprisonment;
> Maximum $250,000 or twice the value of the property involved in the transaction, whichever is greater;
> Maximum 3 years supervised release;
> Mandatory $100 Special Assessment.

17 U.S.C. § 506(a)(1)(B), 18 U.S.C. §§ 2319(d)(2) and 2 - Criminal Copyright Infringement  By Electronic Means and Aiding and Abetting.

> Penalty:    Maximum 3 years imprisonment;
> Maximum $250,000 or twice the value of the property involved in the transaction, whichever is greater;
> Maximum 2 years supervised release;
> Mandatory $100 Special Assessment.
> Forfeiture - Ordered by the Court

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

FILED

### OFFENSE CHARGED

SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:

SEE ATTACHMENT

APR 0 6 2006

**DEFENDANT - U.S.**

▶ JOSH MCALEER

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

DISTRICT COURT NUMBER

CR 06 00246 RMW

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

S/A Julia Jolie-F.B.I.

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM          KEVIN V. RYAN

☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)     MARK KROTOSKI

### DEFENDANT

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges    ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer
been filed?   ☐ Yes   If "Yes"
              ☐ No    give date
                      filed

**DATE OF
ARREST** ▶        Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☒ Arraignment  ☐ Initial Appearance

Defendant Address:
31202 Via Del Verde
San Juan Capistrano, CA  92675

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge:  Richard Seeborg

Comments:

3

## ATTACHMENT PENALTY SHEET

### United States
### v.
### Allen Soares; Shon Peterman; Josh Mcaleer; Tom Leung, and Ray Morada.

18 U.S.C. § 371 - Conspiracy to Commit Criminal Copyright Infringement, Infringement By Electronic Means, Infringement By Distributing A Commercial Distribution Work, Traffic in Devices to Circumvent a Technological Measure that Protects a Copyright Work, Circumvent a Technological Measure that Protects a Copyright Work, and Use Audiovisual Recording Devices to Make Unauthorized Copies Of Audiovisual Works

            Penalty:        Maximum 5 years imprisonment;
                                Maximum $250,000 or twice the value of the property involved in the transaction, whichever is greater;
                                Maximum 3 years supervised release;
                                Mandatory $100 Special Assessment.

17 U.S.C. § 506(a)(1)(B), 18 U.S.C. §§ 2319(d)(2) and 2 - Criminal Copyright Infringement By Electronic Means and Aiding and Abetting.

            Penalty:        Maximum 3 years imprisonment;
                                Maximum $250,000 or twice the value of the property involved in the transaction, whichever is greater;
                                Maximum 2 years supervised release;
                                Mandatory $100 Special Assessment.
                                Forfeiture - Ordered by the Court

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

### OFFENSE CHARGED

SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:
SEE ATTACHMENT

CR 06 00246 RMW

DEFENDANT - U.S.

▶ TOM LEUNG

**FILED**

APR 0 6 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

DISTRICT COURT NUMBER

DEFENDANT

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

S/A Julia Jolie-F.B.I.

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM            KEVIN V. RYAN

☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)            MARK KROTOSKI

### IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

**DATE OF ARREST** ▶
Month/Day/Year

Or... if Arresting Agency & Warrant were not
Month/Day/Year

**DATE TRANSFERRED TO U.S. CUSTODY** ▶

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT  Bail Amount:

If Summons, complete following:
☒ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:
10834 Northview Square
Cupertino, CA 95014

Date/Time: May 11, 2006 2:00pm

Before Judge: Richard Seeborg

Comments:

## ATTACHMENT PENALTY SHEET

### United States
**v.**
### Allen Soares; Shon Peterman; Josh Mcaleer; Tom Leung, and Ray Morada.

18 U.S.C. § 371 - Conspiracy to Commit Criminal Copyright Infringement, Infringement By Electronic Means, Infringement By Distributing A Commercial Distribution Work, Traffic in Devices to Circumvent a Technological Measure that Protects a Copyright Work, Circumvent a Technological Measure that Protects a Copyright Work, and Use Audiovisual Recording Devices to Make Unauthorized Copies Of Audiovisual Works

Penalty:       Maximum 5 years imprisonment;
               Maximum $250,000 or twice the value of the property involved in
               the transaction, whichever is greater;
               Maximum 3 years supervised release;
               Mandatory $100 Special Assessment.

17 U.S.C. § 506(a)(1)(B), 18 U.S.C. §§ 2319(d)(2) and 2 - Criminal Copyright Infringement By Electronic Means and Aiding and Abetting.

Penalty:       Maximum 3 years imprisonment;
               Maximum $250,000 or twice the value of the property involved in
               the transaction, whichever is greater;
               Maximum 2 years supervised release;
               Mandatory $100 Special Assessment.
               Forfeiture - Ordered by the Court

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

## OFFENSE CHARGED

SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:
SEE ATTACHMENT

CR 06 00246 RMW

**DEFENDANT - U.S.**

FILED

► RAY MORADA

DISTRICT COURT NUMBER

APR 0 6 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## DEFENDANT

**IS _NOT_ IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  ☐ Fed'l ☐ State
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  If "Yes" give date filed

DATE OF ARREST ►  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ►  Month/Day/Year

## PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

S/A Julia Jolie-F.B.I.

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM

KEVIN V. RYAN

☒ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)

MARK KROTOSKI

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT  Bail Amount:

If Summons, complete following:
☒ Arraignment ☐ Initial Appearance

Defendant Address:
503 Oglethorpe Street, NW
Washington, DC 20011

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: May 11, 2006 at 2:00p.m.

Before Judge: Richard Seeborg

Comments:

## ATTACHMENT PENALTY SHEET

### United States
**v.**
### Allen Soares; Shon Peterman; Josh Mcaleer; Tom Leung, and Ray Morada.


18 U.S.C. § 371 - Conspiracy to Commit Criminal Copyright Infringement, Infringement By Electronic Means, Infringement By Distributing A Commercial Distribution Work, Traffic in Devices to Circumvent a Technological Measure that Protects a Copyright Work, Circumvent a Technological Measure that Protects a Copyright Work, and Use Audiovisual Recording Devices to Make Unauthorized Copies Of Audiovisual Works

          Penalty:      Maximum 5 years imprisonment;
                             Maximum $250,000 or twice the value of the property involved in the transaction, whichever is greater;
                             Maximum 3 years supervised release;
                             Mandatory $100 Special Assessment.


17 U.S.C. § 506(a)(1)(B), 18 U.S.C. §§ 2319(d)(2) and 2 - Criminal Copyright Infringement By Electronic Means and Aiding and Abetting.

          Penalty:      Maximum 3 years imprisonment;
                             Maximum $250,000 or twice the value of the property involved in the transaction, whichever is greater;
                             Maximum 2 years supervised release;
                             Mandatory $100 Special Assessment.
                             Forfeiture - Ordered by the Court



AO 245B (Rev. 6/05 - Judgment in a Criminal Case)

OCT 1 0 2006

# United States District Court
## Northern District of California



RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES OF AMERICA
v.
**RAY MORADA**

**JUDGMENT IN A CRIMINAL CASE**

Case Number:    CR-06-00246-05-RMW

USM Number:    10487-111

Peter Leeming
Defendant's Attorney

## THE DEFENDANT:

[x]    pleaded guilty to Counts: <u>One (1) and Four (4) of the Indictment</u> .
[ ]    pleaded nolo contendere to count(s) __ which was accepted by the court.
[ ]    was found guilty on count(s) __ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Copyright Infringement by Electronic Means, a Class D Felony | 06-03 | 1 |
| 17 U.S.C. § 506(a)(1)(B) | Copyright Infringement by Electronic Means and Aiding and Abetting, a Class E Felony | 06-05 | 4 |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on count(s) __.

[ ]    Count(s) __ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

September 25, 2006
Date of Imposition of Judgment

Ronald M Whyte
Signature of Judicial Officer

Honorable Ronald M. Whyte, U. S. District Judge
Name & Title of Judicial Officer

10/06/06
Date

AO 245B (Rev. 12/03) Judgment in a Criminal Case - Probation

DEFENDANT:      RAY MORADA                                          Judgment - Page 2 of 7
CASE NUMBER:    CR-06-00246-05-RMW

## PROBATION

The defendant is hereby sentenced to probation for a term of  Three (3) years .

This term consists of Three (3) years on Count One (1) and Four (4), all such terms to run concurrently.

The defendant shall not commit another federal, state, or local crime.  The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter.

[x]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[x]     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[x]     The defendant shall cooperate in the collection of DNA as direct as directed by the probation officer. (Check if applicable.)

[]      The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as direct by the probation officer. (Check if applicable.)

[]      The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well with any additional conditions in this judgment.

## STANDARD CONDITIONS

1)    The defendant shall not leave the judicial district without permission of the court or probation officer;
2)    The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)    The defendant shall support his or her dependants and meet other family responsibilities;
5)    The defendant shall work regularly at a lawful occupation,  unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Judgment in a Criminal Case - Probation

DEFENDANT:       RAY MORADA                                    Judgment - Page 3 of 7
CASE NUMBER:     CR-06-00246-05-RMW

## SPECIAL CONDITIONS OF PROBATION

1) The defendant shall participate in the Home Confinement with Electronic Monitoring Program and shall abide by all the requirements of the program for a period of Six (6)months. The defendant shall pay the cost of monitoring at the prevailing rate unless it is determined by the Probation Officer that he has an inability to pay. A co-payment amount will then be determined by the Probation Officer. The defendant is restricted to his residence at all times except for activities which have been pre-approved by the Probation Officer, including employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, or court ordered obligations. During the term of home confinement, the defendant shall abstain from the use of alcohol and submit to drug or alcohol testing as directed by the Probation Officer.

2) The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

3) The defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the Probation Officer.

4) The defendant shall provide the Probation Officer access to any requested financial information, including tax returns, and shall authorize the Probation Officer to conduct credit checks and obtain copies of income tax returns.

5) The defendant shall pay any restitution and special assessment that is imposed by this Judgment, and that remains unpaid at the commencement of the term of probation.

6) The defendant shall not possess or use any data encryption technique or program.

7) The defendant shall not have contact with any co-defendant, in the case namely Allen Soares, Shon Peterman, Josh McAleer, and Tom Leung.

8) The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

9) The defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

10) The defendant shall not possess or use any computer; however, he may, with the prior approval of the Probation Officer, use a computer in connection with authorized employment and/or education.

11) The defendant shall (1) consent to the Probation Officer conducting periodic unannounced examinations of his computer equipment, which may include retrieval and copying of all data from his computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection, and (2) consent at the direction of the Probation Officer to having installed on his computer(s), at the defendant's expense, any hardware or software systems to monitor his computer use.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:     RAY MORADA                                    Judgment - Page 4 of 7
CASE NUMBER:   CR-06-00246-05-RMW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | Assessment | Fine | Restitution |
|---------|-----------|------|-------------|
| Totals: | $ 200.00  | $    | $ 21,483.86 |

[ ] The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| Motion Picture Association of America, 15503 Ventura Blvd., Encino, CA 91436, Attn: Chad Tilbury, Director, Worldwide Internet Enforcement | 2,320.00 | 2,320.00 | |
| Entertainment Software Association, 1211 Connecticut Avenue NW, Ste. 600, Washington, D.C. 20036, Attn: Chunnie Wright, Sr. Anti-Piracy Counsel | 820.00 | 820.00 | |
| Business Software Alliance, 1150 18th Street NW, Ste. 700, Washington, D.C. 20036, Attn: John Wolfe, Mgr. Of Investigations | 18,323.86 | 18,323.86 | |
| **Totals:** | **$ 21,483.86** | **$ 21,483.86** | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:       RAY MORADA                                    Judgment - Page 5 of 7
CASE NUMBER:     CR-06-00246-05-RMW


[ ]  Restitution amount ordered pursuant to plea agreement $ _

[ ]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is
     paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the
     payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §
     3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

     [ ]  the interest requirement is waived for the    [ ] fine   [ ] restitution.

     [ ]  the interest requirement for the    [ ] fine    [ ] restitution is modified as follows:


* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994,
but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:      RAY MORADA                                    Judgment - Page 6 of 7
CASE NUMBER:    CR-06-00246-05-RMW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   [x]  Lump sum payment of **$200.00** due immediately, balance due

    [ ]   not later than _____, or

    [ ]   in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B   [ ]  Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) F below); or

C   [ ]  Payment in equal     (e.g. weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D   [ ]  Payment in equal     (e.g. weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   [ ]  Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   [x]  Special instructions regarding the payment of criminal monetary penalties:
    Restitution payments shall be made to the Clerk of U.S. District Court, Attention: Financial Unit, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102. The defendant shall make monthly restitution payments in the amount of $350.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    [ ]   Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
|  |  |  |  |  |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT: **RAY MORADA** | Judgment - Page 7 of 7 |
| CASE NUMBER: CR-06-00246-05-RMW | |

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 6/05 - Judgment in a Criminal Case)



# United States District Court
## Northern District of California



OCT 2 4 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Reason for Amendment: <u>Correct the Restitution Amount (Clerical Error)</u>

**UNITED STATES OF AMERICA**
**v.**
**RAY MORADA**

## *AMENDED*
## JUDGMENT IN A CRIMINAL CASE

Case Number:    CR-06-00246-05-RMW

USM Number:    10487-111

Peter Leeming
Defendant's Attorney

## THE DEFENDANT:

[x]    pleaded guilty to Counts: <u>One (1) and Four (4) of the Indictment</u> .
[ ]    pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]    was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Copyright Infringement by Electronic Means, a Class D Felony | 06-03 | 1 |
| 17 U.S.C. § 506(a)(1)(B) | Copyright Infringement by Electronic Means and Aiding and Abetting, a Class E Felony | 06-05 | 4 |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on count(s) ___.

[ ]    Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

September 25, 2006
Date of Imposition of Judgment

*Ronald M. Whyte*

Signature of Judicial Officer

Honorable Ronald M. Whyte, U. S. District Judge
Name & Title of Judicial Officer

10/24/06
Date

AO 245B (Rev. 12/03) Judgment in a Criminal Case - Probation

DEFENDANT:       RAY MORADA                                          Judgment - Page 2 of 7
CASE NUMBER:     CR-06-00246-05-RMW

## PROBATION

The defendant is hereby sentenced to probation for a term of  Three (3) years .

This term consists of Three (3) years on Count One (1) and Four (4), all such terms to run concurrently.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter.

[x]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)
[x]     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)
[x]     The defendant shall cooperate in the collection of DNA as direct as directed by the probation officer. (Check if applicable.)
[]      The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as direct by the probation officer. (Check if applicable.)
[]      The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well with any additional conditions in this judgment.

## STANDARD CONDITIONS

1)   The defendant shall not leave the judicial district without permission of the court or probation officer;
2)   The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   The defendant shall support his or her dependants and meet other family responsibilities;
5)   The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Judgment in a Criminal Case - Probation

| | | |
|---|---|---|
| DEFENDANT: | RAY MORADA | Judgment - Page 3 of 7 |
| CASE NUMBER: | CR-06-00246-05-RMW | |

## SPECIAL CONDITIONS OF PROBATION

1) The defendant shall participate in the Home Confinement with Electronic Monitoring Program and shall abide by all the requirements of the program for a period of Six (6)months. The defendant shall pay the cost of monitoring at the prevailing rate unless it is determined by the Probation Officer that he has an inability to pay. A co-payment amount will then be determined by the Probation Officer. The defendant is restricted to his residence at all times except for activities which have been pre-approved by the Probation Officer, including employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, or court ordered obligations. During the term of home confinement, the defendant shall abstain from the use of alcohol and submit to drug or alcohol testing as directed by the Probation Officer.

2) The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

3) The defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the Probation Officer.

4) The defendant shall provide the Probation Officer access to any requested financial information, including tax returns, and shall authorize the Probation Officer to conduct credit checks and obtain copies of income tax returns.

5) The defendant shall pay any restitution and special assessment that is imposed by this Judgment, and that remains unpaid at the commencement of the term of probation.

6) The defendant shall not possess or use any data encryption technique or program.

7) The defendant shall not have contact with any co-defendant, in the case namely Allen Soares, Shon Peterman, Josh McAleer, and Tom Leung.

8) The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

9) The defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

10) The defendant shall not possess or use any computer; however, he may, with the prior approval of the Probation Officer, use a computer in connection with authorized employment and/or education.

11) The defendant shall (1) consent to the Probation Officer conducting periodic unannounced examinations of his computer equipment, which may include retrieval and copying of all data from his computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection, and (2) consent at the direction of the Probation Officer to having installed on his computer(s), at the defendant's expense, any hardware or software systems to monitor his computer use.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT:    RAY MORADA | Judgment - Page 4 of 7 |
| CASE NUMBER:    CR-06-00246-05-RMW | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ | $ 21,463.86 |

[ ] The determination of restitution is deferred until __. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Motion Picture Association of America, 15503 Ventura Blvd., Encino, CA 91436, Attn: Chad Tilbury, Director, Worldwide Internet Enforcement | 2,320.00 | 2,320.00 | |
| Entertainment Software Association, 1211 Connecticut Avenue NW, Ste. 600, Washington, D.C. 20036, Attn: Chunnie Wright, Sr. Anti-Piracy Counsel | 820.00 | 820.00 | |
| Business Software Alliance, 1150 18th Street NW, Ste. 700, Washington, D.C. 20036, Attn: John Wolfe, Mgr. Of Investigations | 18,323.86 | 18,323.86 | |
| **Totals:** | **$ 21,463.86** | **$ 21,463.86** | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:       RAY MORADA

CASE NUMBER:     CR-06-00246-05-RMW

Judgment - Page 5 of 7

[ ]  Restitution amount ordered pursuant to plea agreement $ _

[ ]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   [ ]  the interest requirement is waived for the     [ ] fine    [ ] restitution.

   [ ]  the interest requirement for the     [ ] fine    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:          RAY MORADA                          Judgment - Page 6 of 7
CASE NUMBER:    CR-06-00246-05-RMW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [x]  Lump sum payment of **$200.00** due immediately, balance due

    [ ]  not later than ____, or

    [ ]  in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B  [ ]  Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( ) F below); or

C  [ ]  Payment in equal     (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal     (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [x]  Special instructions regarding the payment of criminal monetary penalties:
Restitution payments shall be made to the Clerk of U.S. District Court, Attention: Financial Unit, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102. The defendant shall make monthly restitution payments in the amount of $350.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    [ ]  Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
|  |  |  |  |  |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:       RAY MORADA

CASE NUMBER:   CR-06-00246-05-RMW

Judgment - Page 7 of 7

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**FILED**

PROB 22
(Rev. 2/88)

MAR 1 2 2007

**TRANSFER OF JURISDICTION**

NORTHERN, U.S. DISTRICT COURT
DISTRICT OF CALIFORNIA
SAN JOSE

| | DOCKET NUMBER *(Tran. Court)* |
|---|---|
| | CR 06-00246-05 RMW |
| | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT  CALIFORNIA | DIVISION |
|---|---|---|
| Ray Morada  503 Oglethorpe Street NW  Washington, DC 20011 | ND/CA | San Jose |
| | NAME OF SENTENCING JUDGE | |
| | Ronlad M. Whyte | |

MAR 0 8 2007
NANCY MAYER-WHITTINGTON
CLERK

| | FROM | TO |
|---|---|---|
| DATES OF PROBATION/ SUPERVISED RELEASE | 9/25/06 | 9/24/09 |

**OFFENSE**

18 USC 371 - Conspiracy to Commit Copyright Infringement by Electronic Means, a Class D Felony
17 USC 506(a)(1)(B) - Copyright Infringement by Electronic Means and Aiding & Abetting, a Class E Felony

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

   IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____ District of Columbia _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_____2/12/07_____
*Date*

_____Ronald m whyt_____
*United Sates District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE   District of Columbia

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_____6 March 2007_____
*Effective Date*

_____Thomas F. Hogan_____
*United States District Judge*